**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| KENNETH GOTSCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | Division No.: |
| STARBUCKS CORPORATION, ) | |
| **Serve:** R/A: Prentice-Hall Corp. System ) | JURY TRIAL DEMANDED |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | Served by Special Process Server |
| ) | |
| Defendant | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff, Kenneth Gotsch, by and through his attorneys of record, Goldblatt & Singer, and for his causes of action against Defendant Starbucks Corporation, states the following:

**JURISDICTION AND VENUE**

1. At all times herein mentioned, Plaintiff Kenneth Gotsch (hereinafter "Plaintiff") was a resident of the State of Missouri.

2. At all times herein mentioned, Defendant Starbucks Corporation (hereinafter "Defendant") is a foreign company in good standing within the State of Missouri, organized under the laws of the State of Washington, and may be served through its Registered Agent, Prentice-Hall Corporation System at 221 Bolivar Street, Jefferson City, Missouri 65101.

3. Venue is proper in the Circuit Court of St. Louis County because the incident described herein first occurred in St. Louis County.

4. Pursuant to Missouri Supreme Court Rule 54.13(b)(3), this Court has jurisdiction over Defendant Starbucks Corporation (Starbucks) because its registered agent

1

was served with civil process within the State of Missouri. Furthermore, Starbucks has substantial and continuing systematic contacts with the State of Missouri sufficient for this Court to exercise general personal jurisdiction over it, because, amount other things, (a) Defendant Starbucks has various stores across the State of Missouri and provides service and/or products in Missouri, (b) Defendant Starbucks regularly advertises its services and products in Missouri, (c) Defendant Starbucks distributes its services and products in Missouri, and (d) Defendant Starbucks has a registered agent in Missouri. Additionally, Plaintiff's claims arise out of Defendant Starbucks' contacts with the State of Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

5. On or about January 31, 2022, Plaintiff was visiting the Starbucks store located at 11464 Olive Blvd, Creve Coeur, Missouri 63141.

6. On or about January 31, 2022, Plaintiff was walking on the parking lot and/or walkway leading into the Starbucks store located at 11464 Olive Blvd, Creve Coeur, Missouri 63141.

7. On or about January 31, 2022, there was ice and/or snow on the parking lot and/or walkway owned and maintained by Starbucks.

8. On or about January 31, 2022, Plaintiff and his friend were walking into Starbucks when Plaintiff slipped on the ice and/or snow and, as a result, suffered injuries and damages.

9. Plaintiff was helped up by his friend and they continued into the Starbuck's store and placed their order.

10. On or about January 31, 2022, when Plaintiff and his friend placed their order at the counter they informed the barista of Plaintiff's fall.

11. Defendant Starbuck's employee did not ask for any additional information or ask that he make an incident report.

12. On February 4, 2022, Plaintiff went to St. Luke's Emergency Room and the medical records state "Pt c/o left leg redness, swelling, rash and drainage since Monday after falling on knee."

13. Plaintiff developed left lower extremity cellulitis and sepsis syndrome from the knee wound, caused by the fall at Starbucks; ultimately, causing necrotizing soft tissue infection requiring surgical intervention and hospitalization.

### COUNT I: PREMISES LIABILITY

COMES NOW Plaintiff Kenneth Gotsch, by and through undersigned counsel, and for Count I of his Petition for Damages against Defendant Starbucks Corporation, states and alleges as follows to the Court:

14. Plaintiff realleges and incorporates paragraphs 1-13 above as if fully set forth herein.

15. At all relevant times, Defendant Starbucks owned, operated, managed, maintained and/or controlled the premises located at 11464 Olive Blvd, Creve Coeur, Missouri 63141.

16. Defendant Starbucks, by ad through its agents, servants and employees, knew, or by ordinary care under the circumstances, could have known that the parking lot and/or walkway was dangerous and defective in that it was slippery due to ice and/or snow and was negligent in one or more of the following respects:

    a. Defendant failed to keep the costumer thoroughfare reasonably safe;

    b. Creating a dangerous condition as described above;

 c. Allowing the unsafe condition to exist when it knew visitors and business invitees would be walking around the parking lot and/or walkway;

 d. Defendant Starbucks failed to remove the dangerous conditions of the parking lot and/or walkway;

 e. Defendant failed to remedy the unsafe condition;

 f. Defendant failed to warn of the unsafe condition;

 g. Defendant failed to remedy the unsafe condition;

 h. Defendant failed to barricade the unsafe condition;

 i. Defendant failed to properly train its employees or agents to properly maintain the premises;

 j. Defendant failed to properly train its employees or agents to properly maintain the premise; and,

 k. Defendant failed to have proper safety protocols and policies in place.

 l. Defendant Starbucks failed to properly maintain the parking lot and/or walkway;

 m. Defendant Starbucks failed to warn of the unsafe nature of the parking lot and/or walkway; and

17. As a direct and proximate result of Defendant Starbucks' carelessness and negligence, the parking lot and/or walkway of the premises was not reasonably safe.

18. As a direct and proximate result of Defendant Starbucks' carelessness and negligence as detailed above, Plaintiff was injured and damaged; Plaintiff sustained injures to his knee. Plaintiff has required medical treatment in an amount that is not yet determined.

4

WHEREFORE, Plaintiff Kenneth Gotsch respectfully prays this Court enter judgment against Defendant Starbucks Corporation for damages in an amount that is fair and reasonable under the circumstances in excess of Twenty-Five Thousand Dollars ($25,000.00) plus interest, costs, attorney's fees and for such other relief as this Court deems reasonable and proper.

## COUNT II: NEGLIGENCE

COMES NOW Plaintiff Kenneth Gotsch, by and through undersigned counsel, and for Count II of his Petition for Damages against Starbucks, states and alleges as follows to the Court.:

19. Plaintiff realleges and incorporates paragraphs 1-18 above as if fully set forth herein.

20. On or about January 31, 2022, Plaintiff was the Starbuck' store, which is owned and controlled and operated by Defendant.

21. Defendant assumed a duty of care to ensure the parking lot and/or walkway at its place of business in were clear and safe.

22. Plaintiff was a business invitee of the Defendant. Plaintiff entered the Defendant's business in order to purchase items from their menu.

23. Defendant had a duty to keep the premises in a reasonably safe condition so that members of the general public would not be injured.

24. The Defendant's duty, referenced above, is a non-delegable duty.

25. On or about January 31, 2022, there existed dangerous and defective conditions in the parking lot and/or walkway which were not reasonably safe.

26. Defendant, its agents, servants, and employees knew, or by using ordinary care should have known, of the defective, dangerous and/or hazardous conditions set forth above, and they created such foreseeable conditions.

27. Defendant failed to use ordinary care to protect Plaintiff and other members of the public from the aforementioned dangers and unsafe conditions in one or more of the following respects, and was therefore negligent:

   a. Failure to post or place visible warnings, pylons, tape, barricades or other warnings or protective devices to draw attention to the slippery parking lot and/or walkway;

   b. Failure to properly or adequately inspect, monitor, control, and maintain the parking lot and/or walkway;

   c. Failure to utilize, through reasonable care, a floor covering or surface that was save for the public, including the parking lot and/or walkway; and,

   d. Failure to adequately clear and/or keep clear the parking lot and/or walkway clear.

28. As a direct result of Defendant's negligence and the above-described dangers and hazardous conditions, Plaintiff fell and injured himself when he slipped on ice in the parking lot and/or walkway outside Starbucks, and fell to the ground, causing injury to his knee.

29. Defendant Starbucks, by and through its agents, servants, and employees, owed a duty to exercise reasonable and ordinary care toward Plaintiff and guard against injury that may be reasonably foreseeable as a result of Defendant's conduct and/or omissions.

6

30. Defendant Starbucks, by and through its agents, servants and employees, knew or by using ordinary care under the circumstances could have know that the parking lot and/or walkway was dangerous and defective in that it was slippery due to ice and/or snow, and was negligent in one or more of the following respects:

   a. Defendant Starbucks failed to remove the dangerous condition of the parking lot and/or walkway;

   b. Defendant Starbucks failed to properly maintain the parking lot and/or walkway; and

   c. Defendant Starbucks failed to warn of the unsafe nature of the parking lot and/or walkway.

31. As a direct and proximate result of Defendant Starbuck's aforementioned negligence and carelessness, Plaintiff sustained injuries and damage; Plaintiff sustained injuries to his knee; Plaintiff has required medical treatment in an amount that is not yet determined.

WHEREFORE, Plaintiff Kenneth Gotsch respectfully prays this Court enter judgment against Defendant Starbucks Corporation for damages in an amount that is fair and reasonable under the circumstances in excess of Twenty-Five Thousand Dollars ($25,000.00) plus interest, costs, attorney's fees and for such other relief as this Court deems reasonable and proper.

7

Electronically Filed - ST LOUIS COUNTY - April 26, 2024 - 12:05 PM

Respectfully Submitted,

**GOLDBLATT + SINGER**

**/s/ *Shaun M. Falvey***
**Shaun M. Falvey #55294**
**8182 Maryland Ave., Suite 801**
**St. Louis, MO 63105**
**(314) 231-4100 Telephone**
**(314) 241-5078 Facsimile**
**SFalvey@stlinjurylaw.com**
***ATTORNEYS FOR PLAINTIFF***