UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH GOTSCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-cv-01217-AGF |
| | ) |
| STARBUCKS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This personal injury action was originally filed in state court against Defendant Starbucks Corporation ("Starbucks") for injuries Plaintiff sustained while walking on an icy parking lot and walkway leading into a Starbucks store located in Creve Coeur, Missouri. Starbucks removed the action to this Court on diversity grounds, alleging that complete diversity existed because Plaintiff is a Missouri citizen and Starbucks is a Washington citizen, and the amount in controversy exceeded $75,000, exclusive of interest and costs.

The matter is now before the Court on Plaintiff's motion for leave to amend his complaint in order to add two new Defendants: (1) Powerhouse-Dentco, which Plaintiff alleges is a Michigan corporation headquartered in Michigan, and (2) Creve Coeur Real Estate Venture II, LLC ("Creve Coeur Real Estate"), which Plaintiff alleges is "a limited liability corporation, organized under the laws of the State of Missouri." ECF No. 20-1, Proposed Am. Compl. at ¶ 4. Plaintiff asserts that leave to amend is warranted because both defendants are liable for Plaintiff's injuries in that Creve Coeur Real Estate owned the property on which Plaintiff was

injured and Powerhouse-Dentco was contracted to perform snow removal services on that property.

Plaintiff contends that leave to amend to join these two new Defendants is warranted under Federal Rule of Civil Procedure 15(a)(2) because Plaintiff was "unaware of both Powerhouse-Dentco and Creve Coeur Real Estate['s] involvement in the incident in question until Defendant Starbucks informed Plaintiff in its Discovery Responses," and that "no party will be prejudiced from the amendment of this pleading nor is Defendant Starbucks Corporation objecting to the granting of this Motion."  ECF No. 20 at 4.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases."  *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).  "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."  *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 38 (2025) ("[I]n removed cases too, amending a complaint to join a non-diverse party destroys diversity jurisdiction. So if such a joinder occurs after removal, the federal court must remand the case to the state court it began in.").  Thus, although Plaintiff correctly notes that Rule 15(a)(2) provides that leave to amend a pleading should be freely given "when justice so requires,"[1] Fed. R. Civ. P. 15(a)(2), a different standard applies when a

---

[1] Where, as here, a party seeks leave to amend its pleading after the deadline in the Case Management Order has passed, the party must also show good cause for the delay under Federal Rule of Civil Procedure 16(b).

plaintiff seeks to add a nondiverse party after removal: "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (citation omitted).  Specifically, the Court must consider "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether plaintiff has been dilatory in asking for amendment, and 3) whether plaintiff will be significantly injured if amendment is not allowed." *Id.* (citations omitted).  The Court must also "determine whether the amendment involves the addition of parties that are considered necessary or dispensable under Fed. R. Civ. P. 19(a)-(b)." *Combs v. Hendrick*, No. 4:19-CV-3264-SPM, 2020 WL 209853, at *1 (E.D. Mo. Jan. 14, 2020) (citation omitted).

  The Court cannot discern from Plaintiff's motion or proposed amended complaint whether the joinder of additional defendants here would destroy diversity because Plaintiff has not properly pled the citizenship of proposed Defendant Creve Coeur Real Estate.

  Unlike a corporation, which is a citizen of its state of organization and its principal place of business, 28 U.S.C. § 1332(c)(1), a limited liability company is a citizen of every state of which any member is a citizen.  *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Thus, in order to determine whether complete diversity of citizenship exists in this case, the Court must examine the citizenship of each member of Creve Coeur Real Estate.  Further, if any member "is itself a partnership or limited liability company, then the identity of each member of each of these entities must be traced until we reach a corporation or natural person."  *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020).

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **March 14, 2025**, Plaintiff shall file a new proposed amended complaint in support of his motion (ECF No. 20), which alleges facts establishing the citizenship of each party proposed to be joined.  If Plaintiff fails to timely and fully comply with this Order, the Court will deny Plaintiff's motion for leave to amend without further notice.

**IT IS FURTHER ORDERED** that, if Plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, Plaintiff must also file, on or before **March 14, 2025**, a supplemental brief addressing 28 U.S.C. § 1447(e) and the above-noted related factors.  Defendant shall have **seven days** thereafter to file any opposition, and any reply must be filed within **seven days** of such opposition.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2025.